#7

1546

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 2:20-CV-1821 |
| vs. | ) Criminal No. 17:218 | |
| MICHAEL HENRY | ) Honorable Chief Judge Mark R. Hornak | |

FILED
NOV 24 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)

NOW comes, MICHAEL HENRY, pro se, filing the immediate Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) and in support thereof, states the following:

1. On July 12, 2017, Movant was charged by Criminal Complaint at Case No. 17-856M with Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance. 21 U.S.C. §§ 841 (a)(1) and 841(c)(1)(C).

2. The facts supporting the probable cause in the Criminal Complaint against Movant alleged: "On the morning of July 12, 2017, a federal search warrant based on probable cause was executed at……During the execution of the search warrant, MICHAEL HENRY was located in the apartment, and he was the only person present. Upon conducting a search of the residence, investigators found evidence of drug trafficking activity. Seized during the search were a scale (Upper kitchen Cabinet), a cloth bag concealing a plastic bag containing approximately half a kilogram of white powder (Kitchen, Drawer under Cabinet), baggies (Kitchen, Drawer under Cabinet), $6,842,00 in U.S. Currency (Henry's bedroom, on Ironing Board), an IPhone (Henry's

1

Bedroom, on Floor Next to Bed), two cellular phones (Henry's Bedroom, on Floor Next to Bed), two laptop computers (Living Room, in Backpack) and five one-kilogram bags of Mannitol in shipping box (Other bedroom, On Floor)."

3. Movant privately retained and was represented in this matter by James Wymard, Esquire, 220 Grant Building, Pittsburgh, Pennsylvania 15219. Movant has more fully developed herein believes and avers that Attorney Wymard's representation of his legal interests from the onset of the criminal complaint through the dismissal of the criminal complaint was deficient, incompetent and deprived him of his Sixth Amendment Rights to effective representation.

4. The charge (s) underpinning the Criminal Complaint was terminated on August 22, 2017 by a Superseding Indictment at the above-captioned number.

5. Approximately, 41 days elapsed between the filing of the Complaint and the Superseding Indictment. This lapse of 41 days between the Complaint and Superseding Indictment was inexcusable and fatally prejudicial to the Movant. A timely Motion to Dismiss the Criminal Complaint upon the expiration of thirty (30) days from its filing on Speedy Trial grounds would have resulted in the dismissal of the Criminal Complaint and provided Movant with a solid legal basis to challenge any new Indictment that mirrored the charge in the Criminal Complaint. The prejudice to Movant from Attorney Wymard's deficient representation is self-evident.

6. Count I of the Superseding Indictment returned by the Grand Jury charged the Movant as follows: "From in and around September 2016, in the Western District of Pennsylvania and elsewhere, the defendant, MICHAEL HENRY, did knowingly, intentionally and unlawfully conspire with persons both known and unknown to the grand jury, to distribute and possess with the intent to distribute quantities of a mixture and substance containing a detectable amount of N-

phenyl-N-[1-2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). In violation of Title 21, United States Code, Section 846.

7. The Criminal Complaint referred to "Heroin," and, the Superseding Indictment at Count I contained no reference to "Heroin," only, a "detectable amount of N-phenyl-N-[1-2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl."

8. Movant was represented by Christopher Capozzi, Esquire, 100 Ross Street, Suite 340, Pittsburgh, Pennsylvania 15219, on the Superseding Indictment in the above-captioned matter.

9. In the terminated case of the Criminal Complaint there were no delays occasioned by the Speedy Trial Rule which constituted excludable time under same.

10. The criminal offenses charged in the Criminal Complaint mirror the criminal charges levied in Count I of the Superseding Indictment, with no reference to "Heroin."

11, On July 22, 2019, Movant was sentenced by the Honorable Chief Judge Mark R. Hornak on Count I of the Superseding Indictment to thirty (30) months confinement and six (6) years of supervised release.

12. Movant is presently under the supervision of the United States Probation Office for the remainder of the imposed sentence, i.e., six (6) years of supervised release.

13. Movant did not file any direct appeal to the Third Circuit Court of Appeals or the United States Supreme Court from his guilty plea and/or sentence in the above-captioned case.

14. Movant has filed no other collateral attack on his guilty plea or sentence.

15. A District Court may only dismiss those charges in an indictment that were included in the complaint, not other charges for which the defendant was indicted. *United States v. Watkins,* 339 F.3d 167, 169 (3d Cir.2003); *see also United States v. Oliver,* 238 F.3d 471, 473 (3d Cir.2001) ("[T]he Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period"); *United States v. Mosquera,* 95 F.3d 1012, 1013 (11th Cir.1996) ("The Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged"); *United States v. Giwa,* 831 F.2d 538, 541 (5th Cir.1987) ("every circuit ... has adopted a narrow interpretation of section 3162(a)(1), holding that if the Government fails to indict a defendant within thirty days of arrest, the Act requires dismissal of only the offense or offenses charged in the original complaint"); *United States v. Miller,* 23 F.3d 194, 199 (8th Cir.1994) ("A defendant's arrest on one charge does not necessarily trigger the right to a speedy trial on another charge filed after his arrest"); *United States v. Derose,* 74 F.3d 1177, 1182–83 (11th Cir.1996); *United States v. Antonio,* 705 F.2d 1483, 1486 (9th Cir.1983).

16. In *United States v. Archer,* a case similar to the one before this Court, a defendant was arrested based on a complaint charging one count of knowing and intentional possession with intent to distribute over 50 grams of cocaine, but was indicted seventy-five days later on six counts of criminal activity, including four separate counts of distributing cocaine on different dates, one count of possession with intent to distribute cocaine, and one firearm charge. 984 F.Supp. 321, 322 (E.D.Pa.1997). The Eastern District of Pennsylvania held that only one count of distribution from the six-count indictment was subject to dismissal when the Speedy Trial Act was violated since it

4

was the only count based on conduct that served as the basis of the original complaint. *Id.* at 324–25.

17. The only exception to this rule on dismissal is the "gilding exception." Under the "gilding exception," "subsequent prosecution may be barred if it is based on an indictment which merely 'gilds' an earlier charge...." *Watkins,* 339 F.3d at 176, citing *United States v. Napolitano,* 761 F.2d 135, 138 (2d Cir.1985). While the Third Circuit has yet to definitively endorse the "gilding exception," it adopted the "same-elements" test as a means of assessing whether or not uncharged offenses are "gildings" of a charged offense, rejected the "same-transaction" and "same-proofs" tests. *Id.* at 176–78. Under the "same-elements" test, "different charges will be construed as the same if they contain the same elements." *Id.* at 176.

18. In determining which charges are included in the complaint, a complaint and affidavit are to be read in conjunction with one another. *See* Fed.R.Crim.P. 4(a) ("If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."). The Third Circuit directs Courts to scrutinize the filed criminal complaint in conjunction with the affidavit attached thereto. The Criminal Complaint against Movant/Defendant was filed in the District of Western Pennsylvania on July 12, 2020, and contained this statement of the offense: "The facts supporting the probable cause in the Criminal Complaint against Movant alleged: "On the morning of July 12, 2017, a federal search warrant based on probable cause was executed at......During the execution of the search warrant, MICHAEL HENRY was located in the apartment, and he was the only person present. Upon conducting a search of the residence, investigators found evidence of drug trafficking activity. Seized during the search were a scale (Upper kitchen Cabinet), a cloth bag concealing a plastic

5

bag containing approximately half a kilogram of white powder (Kitchen, Drawer under Cabinet), baggies (Kitchen, Drawer under Cabinet), $6,842,00 in U.S. Currency (Henry's bedroom, on Ironing Board), an IPhone (Henry's Bedroom, on Floor Next to Bed), two cellular phones (Henry's Bedroom, on Floor Next to Bed), two laptop computers (Living Room, in Backpack) and five one-kilogram bags of Mannitol in shipping box (Other bedroom, On Floor)."

19. Once a violation of the Speedy Trial Act has occurred, the remedy available to the Defendant is dismissal. 18 U.S.C. § 3162(a)(1). Thus, the question before a District Court is whether to dismiss the charge(s) with or without prejudice. The Act expresses no preference for either outcome. Section 3162(a)(1) lists three factors a court must consider to determine whether to dismiss a charge with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal; and (3) the impact of re-prosecution on the administration of the Speedy Trial Act and on the administration of justice.

20. The presence or absence of prejudice to the defendant is also relevant factor, although not dispositive. *United States v. Taylor,* 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). Analysis of these factors is "designed to promote compliance with the [Speedy Trial] Act without needlessly subverting important criminal prosecutions." *Zedner v. United States,* 547 U.S. 489, 499, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). After considering these factors, the determination is left to the discretion of the Court.

21. There is no hard and fast rule in the Third Circuit or this District concerning how many days of post-arrest and pre-indictment delay give rise to a presumption of prejudice weighing in favor of Defendant on a motion to dismiss for violation of the Speedy Trial Act. Violations of only a few days are routinely found not to give rise to any prejudice. *See United States v. Cox,* 12–3907, 2014 WL 306973 (3d Cir. Jan.29, 2014) (two to four day delay did not give rise to

prejudice); *Gov't of the Virgin Islands v. Francis,* 98 F.R.D. 626, 631 (3d Cir.1983)(Where "the offenses involved, as admitted by the defense, are serious[,][t]he delay of three days ... is not correspondingly serious to require a dismissal with prejudice."). Violations of several weeks or months have been found, in some circumstances, to give rise to prejudice. *See United States v. Watkins,* CR.A. 02–120–1, 2002 WL 32351114 (E.D.Pa. Mar.12, 2002) *rev'd* in part *aff'd* in part 339 F.3d 167 (3d Cir.2003) (40–day delay, along with accompanying circumstances, prejudiced defendant); *United States v. Martinez,* 75 F.Supp.2d 360, 367 (1999) ("the Government's violation of the Speedy Trial Act totaled 270 days, more than eight months. That delay mandates a dismissal with prejudice.").

22. To further bolster Movant's assertion of prejudice flowing from counsel's ineffectiveness, Supreme Court and Third Circuit precedent states, " '[t]ime spent in jail awaiting trial has a detrimental impact on the individual' which could include loss of employment, disruption of family life, and idle time with little recreation or rehabilitation" (citing *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)); that "[o]ppressive pretrial detention may be based on the conditions of incarceration" *id.* (citing *Hakeem v. Beyer,* 990 F.2d 750, 761 (3d Cir.1993)); and that pretrial delays exceeding a year routinely give rise to the presumption of prejudice, with the presumption growing stronger the more outrageous the length of the delay, *see, e.g., id.* (citing *United States v. Battis,* 589 F.3d 673, 682 (3d Cir.2009)).

23. Defendant certainly alleges and asserts that the violation of the Act in this case breached the presumptive threshold of one year. Between Movant's arrest on July 12, 2017 and the Superseding Indictment the Movant's pre-trial detention well exceeded the one year threshold. This unquestionably constitutes "oppressive pretrial detention" giving rise to an irrebuttable presumption of prejudice.

24. In order to obtain relief under the Sixth Amendment based on trial counsel's ineffective assistance, a defendant must show that counsel's performance fell "outside the wide range of professionally competent assistance" and that his performance caused the defendant prejudice, i.e., deprived the defendant of "a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 2064, 2066, 80 L.Ed.2d 674 (1984).

25. For this first § 2255 motion, Movant claims that he is laboring under a conviction and sentence in violation of the United States Constitution, i.e., an infringement of his guaranteed right to effective/competent counsel pursuant to the Sixth Amendment, impingement of his protected right to a Speedy Trial and all/other laws, or treaties of the United States, implicated by errors which raise 'a fundamental defect which inherently resulted in a complete miscarriage of justice and prejudice,' in each and every of the following particulars:

    a. The Sixth Amendment to the United States Constitution guarantees that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Speedy Trial Act, 18 U.S.C.S. §§ 3161–3174, requires that the Government issue an indictment within thirty days of a defendant's arrest. 18 U.S.C.S. § 3161(b).

    b. If an indictment is not filed within that time, the complaint must be dismissed under 18 U.S.C.S. § 3162(a)(1). Section 3162(a)(1) leaves to the court's discretion whether the dismissal should be granted with or without prejudice, and sets forth factors for the court to consider in guiding its decision: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice.

    c. Movant was charged and arrested by a Criminal Complaint on July 12, 2017 at Case No. 17-856M with Possession with intent to distribute a quantity of a mixture and substance

containing a detectable amount of heroin, a schedule I controlled substance. 21 U.S.C. §§ 841(a)(1) and 841(c)(1)(C).

    d.    The Government failed to bring an Indictment against the Movant at Case No. 17-856M within the thirty days mandated by the Speedy Trial Act. Forty-one (41) days elapsed between the filing of the Complaint and the Superseding Indictment on August 22, 2017.

    e.    The subsequent Superseding Indictment brought at the above-captioned number merely "gilded" the criminal charge filed through the Criminal Complaint, in that, the same elements, same-transactions and same-proofs were used in the subsequent Superseding Indictment as alleged in the Criminal Complaint. Therefore, but for, Attorney Wymard's ineffective and incompetent representation in not submitting a timely Motion To Dismiss on Speedy Trial grounds, the subsequent prosecution under the Superseding Indictment would have been barred.

    f.    Movant's counsel at Case No. 17-856M, James Wymard, Esquire was deficient, incompetent and ineffective in his representation by failing to prepare and file a Motion For Dismissal of the Criminal Complaint for the Government's blatant violation of the Movant's speedy trial rights immediately upon the expiration of the thirty (30) days under the Speedy Trial Act.

    g.    This error by Attorney Wymard was so serious and egregious that counsel was not functioning zealously as Movant's counsel as guaranteed to him by the Sixth Amendment.

    h.    Attorney Wymard's deficient, wayward, incompetent and ineffective performance visited great prejudice upon the Movant by virtue of the fact there is a reasonable probability that, but for counsel's unprofessional errors, the Criminal Complaint would have been dismissed on the speedy trial violations prior to the Superseding Indictment being filed. This blatant failure by

Attorney Wymard deprived the Defendant of the ability for the Court to entertain a dismissal of the criminal complaint, with prejudice. These obvious errors by Attorney Wymard imposed further prejudice on Movant/Defendant in preventing Double Jeopardy to attach which would have barred the subsequent re-prosecution/superseding indictment based upon the same facts and conduct as underpinning the terminated Criminal Complaint.

      i.      Movant's counsel in the above-captioned case, Christopher Capozzi, Esquire was deficient and ineffective in his representation by failing to prepare and file a Motion For Dismissal of the Superseding Indictment for the Government's clear violation of the Movant's speedy trial rights on the grounds of double jeopardy due to the expiration of the thirty (30) days under the Speedy Trial Act at Case No. 17-856M which barred the subsequent prosecution.

      j.      Attorney Capozzi's deficient performance inflicted tremendous prejudice upon the Movant by virtue of the fact there is a reasonable probability that, but for counsel's unprofessional errors, the Superseding Indictment would have been dismissed on the double jeopardy grounds. Double Jeopardy would have prohibited the subsequent prosecution based upon the same facts and conduct.

      k.      Movant's counsel in the above-captioned case, Christopher Capozzi, Esquire was deficient and ineffective in his representation by failing to prepare and file a Motion For Dismissal of the Superseding Indictment for the Government's clear violation of the Movant's speedy trial rights on the grounds of collateral estoppel due to the expiration of the thirty (30) days under the Speedy Trial Act at Case No. 17-856M which barred the subsequent prosecution.

      l. Attorney Capozzi's deficient performance inflicted tremendous prejudice upon the Movant by virtue of the fact there is a reasonable probability that, but for counsel's unprofessional

errors, the Superseding Indictment would have been dismissed on the collateral estoppel grounds. Collateral estoppel would have prohibited the subsequent prosecution based upon the same facts, elements and conduct.

26. Based upon the foregoing reasons, Movant respectfully moves your Honorable Court to grant the immediate 2255 Motion by vacating the judgment of conviction and sentence; dismissing the Superseding Indictment with prejudice; and, any/all other equitable relief that is deemed appropriate given the clear deprivation/degradation of his Sixth Amendment right to a Speedy Trial and his entitlement to effective representation under the Sixth Amendment.

27. This immediate 2255 Motion is timely brought as the doctrine of equitable tolling is applicable as a result of the COVID-19 pandemic which has brought the federal criminal justice system to a standstill. Therefore, Movant has "good cause" for just falling outside of the one-year gatekeeping period in instituting his first 2255 Motion.

WHEREFORE, Movant, MICHAEL HENRY, respectfully moves your Honorable Court to grant the immediate 2255 Motion by vacating the judgment of conviction and sentence; dismissing the Superseding Indictment with prejudice; and, any/all other equitable relief that is deemed appropriate given the clear deprivation/degradation of his Sixth Amendment right to a Speedy Trial and his entitlement to effective representation under the Sixth Amendment. In addition, Movant respectfully requests the appointment of counsel to assist him further in the litigation of this 2255 Motion and the scheduling of an evidentiary hearing by video-conferencing to receive testimony and arguments.

I, MICHAEL HENRY declare that the statements made in this MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE pursuant to 28 U.S.C. § 2255. are true and correct. I understand that false statements herein are made subject to the penalty of perjury.

Executed on November 16, 2020.

Michael Henry, pro se
Defendant/Movant

## CERTIFICATE OF SERVICE

I, do hereby certify that on this 19th day of November, 2020, I served a copy of the foregoing Motion for To Vacate, Set Aside, or Correct Sentence by placing a copy in the United States mail, first class in Pittsburgh, Pennsylvania, addressed to the following:

Scott W. Brady, Esquire
United States Attorney
United States Attorney's Office
Joseph F. Weis, Jr.
U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Respectfully submitted,

/S/ Michael Henry
Michael Henry, Pro Se
Defendant