**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 2:17-cr-00180 |
| v. | ) Civil No. 2:20-cv-01821 |
| | ) |
| MICHAEL HENRY, | ) Chief Judge Mark R. Hornak |
| | ) |
| Defendant. | ) |

**OPINION**

**Mark R. Hornak, Chief United States District Judge**

On November 24, 2020, petitioner Michael Henry filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255. Mr. Henry alleged ineffective-assistance-of-counsel claims related to his counsel's failure to raise a claimed Speedy Trial Act violation. (ECF No. 1098.) Mr. Henry acknowledged that his motion was filed after the one-year limitation period set forth in § 2255(f). (*Id.* at 11.) However, he asked the Court to apply equitable tolling because of the COVID-19 pandemic. (*Id.*) Because Mr. Henry has not shown that external forces, rather than his lack of diligence, could account for his failure to file a timely claim, the Court concludes that there is no basis for equitable tolling. The Court will deny Mr. Henry's Motion at ECF No. 1098 because it is time-barred by § 2255(f)(1).

**I.     BACKGROUND**

On July 17, 2017, a criminal complaint was filed against Mr. Henry, charging him with possession to intent to distribute heroin. (ECF No. 1, Docket No. 2:17-cr-218.) On August 22, 2017, Mr. Henry was indicted by a federal grand jury on one (1) count of conspiracy to distribute and to possess with intent to distribute quantities of a mixture and substance containing a detectable amount of fentanyl and heroin. (ECF No. 30, Docket No. 2:17-cr-218.) Later, on November 7,

1

2018, a federal grand jury returned a superseding indictment, charging Mr. Henry and eleven (11) other individuals with conspiracy to distribute and possess with intent to distribute 400 or more grams of a mixture and substance containing a detectable amount of fentanyl and a quantity of heroin. (ECF No. 1, Docket No. 2:17-cr-180.) The Court later granted the Government's motion to dismiss the indictment filed against Mr. Henry at Docket No. 2:17-cr-218. (ECF No. 104, Docket No. 2:17-cr-218.)

Mr. Henry pled guilty to a lesser included offense at Count One of the superseding indictment, specifically conspiracy to distribute and possess with intent to distribute a quantity of fentanyl. (ECF No. 715.) On July 22, 2019, this Court sentenced Mr. Henry to thirty (30) months in prison and six (6) years of supervised release. (ECF No. 823.) Mr. Henry did not appeal. His judgment became final on August 5, 2019, fourteen (14) days after the entry of judgment.

According to the Bureau of Prisons ("BOP") inmate locator, Mr. Henry completed his in-custody sentence and was released from prison on September 23, 2019.

On November 24, 2020, Mr. Henry filed a *pro se* § 2255 motion. (ECF No. 108, Docket No. 2:17-cr-218.)[1] The substantive basis of Mr. Henry's § 2255 motion was that both of his counsel were ineffective in failing to raise an alleged Speedy Trial Act violation. (ECF No. 1098, Docket No. 2:17-cr-180.) Specifically, Mr. Henry argued that a charge against him should have been dismissed (with prejudice) because the indictment was not timely filed within thirty (30) days as required by 18 U.S.C. § 3161(b). (*Id.*) The Court ordered that any response from the United States to Mr. Henry's motion was to be held in abeyance pending further Order from the Court. (ECF No. 1099.)

---

[1] The motion was filed at Docket No. 2:17-cr-218. By Order of the Court, the motion at 17-cr-218 was dismissed without prejudice and re-docketed at Docket No. 2:17-cr-180, where the Court actually imposed the judgment of sentence as to Mr. Henry. (ECF No. 110, Docket No. 2:17-cr-218; ECF No. 1098, Docket No. 2:17-cr-180.)

Because the Court reviewed Mr. Henry's motion and determines that it is stale on its face, the Court will not order a response from the United States. The matter is thus ripe for disposition.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a person in federal custody may move the court to vacate, set aside, or correct an otherwise final sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Gordon*, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). For purposes of § 2255, a petitioner is "in custody" if he is serving a period of supervised release. *See United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir.1993) *superseded on other grounds by rule*, L.A.R. 31.3, *as recognized in United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012). A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. § 2255(b).

## III.    DISCUSSION

Mr. Henry is currently serving a term of supervised release. He is thus in federal custody for the purposes of § 2255. *See Essig*, 10 F.3d at 970 n.3. The Court concludes there is no need for

an evidentiary hearing in this case because, as discussed below, the record conclusively establishes that Mr. Henry is not entitled to the relief sought.[2]

### A. **Timeliness of Mr. Henry's § 2255 motion**

A person in federal custody faces procedural hurdles to securing relief under § 2255, including a one-year period of limitation. § 2255(f). The one-year limitation period runs from the latest of several dates, including the date on which the judgment of conviction becomes final.[3] § 2255(f)(1). If a criminal defendant "does not pursue a timely direct appeal," his conviction and sentence become final "on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a defendant's notice of appeal must be filed in the district court within fourteen days (14) after entry of the judgment.

The deadline for Mr. Henry to file a § 2255 motion in this case was August 5, 2020. This Court entered judgment in this case on July 22, 2019. Mr. Henry did not appeal. His judgment of conviction became final on August 5, 2019, fourteen (14) days after the entry of judgment. Mr. Henry had one (1) year, or until August 5, 2020, to file his § 2255 motion.

---

[2] Likewise, the Court did not issue a *Miller* notice to Mr. Henry because the Court concludes, as discussed herein, that the motion would be time-barred. A *Miller* notice would thus serve "no meaningful purpose." *See Hopson v. United States*, No. CRIM. 03-151, 2009 WL 185956, at *7 (W.D. Pa. Jan. 26, 2009) ("Notice is not required if it serves no meaningful purpose . . . *see United States v. Chew,* 284 F.3d 468, 471 (3d Cir. 2002) (district court did not err in failing to give *Miller* notice, because motion would have been time-barred if recharacterized as a 28 U.S.C. § 2255 petition and providing notice would have been 'an exercise in futility'); *Smith v. Nash,* 145 F. App'x 727, 728–29 (3d Cir. 2005) (district court did not err in failing to give *Miller* notice, because motion would have been untimely if recharacterized as a 28 U.S.C. § 2255 petition and thus *Miller* notice would have served no purpose.").

[3] The other dates are: (a) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (b) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (c) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. § 2255(f)(2)-(4). None of these dates apply to this case.

But Mr. Henry filed his motion on November 24, 2020, several months past the one-year limitation period set forth in § 2255(f).[4] Mr. Henry expressly recognized that he did not file his motion within the one-year limitation period. (*See* ECF No. 1098, at 11.) He asserted, however, that the Court should apply equitable tolling.

### B. <u>Applicability of equitable tolling</u>

"[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). At the same time, courts "should favor flexibility over adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross*, 712 F.3d at 799 (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96). Courts determine whether a petitioner has exercised reasonable diligence using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. And "there must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely" § 2255 motion. *Id.* at 803.

---

[4] Mr. Henry's motion was received and docketed by the Clerk's Office on November 24, 2020, but it was postmarked on November 19, 2020. (*See* ECF No. 1098-1.) The prison mailbox rule does not apply to Mr. Henry in this case because he was not incarcerated when he mailed the motion. *See Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016); *Dwyer v. United States*, No. CIV.A. 13-7218 JBS, 2014 WL 2587499, at *3 (D.N.J. June 9, 2014). As a result, the Court considers November 24 to be the relevant filing date. In any event, Mr. Henry's habeas petition is untimely under both dates.

Mr. Henry argued that his motion is "timely brought as the doctrine of equitable tolling is applicable as a result of the COVID-19 pandemic which has brought the federal criminal justice system to a standstill." (ECF No. 1098, at 11.) Therefore, he maintained he "has 'good cause' for just falling outside of the one-year gatekeeping period in instituting his first 2255 Motion." (*Id.*)

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. The District of Nevada, for example, granted a defendant's COVID-19-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, No. 319CV00702MMDWGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). But the court in that case had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*; *see also Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020).

In several cases, § 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

6

The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion. *See Pace*, 544 U.S. at 418.

Here, "in light of the particular circumstances" of this case, there is no basis for equitable tolling. *See Ross*, 712 F.3d at 799. Mr. Henry does not establish that he was pursuing his rights diligently (or at all), or that the COVID-19 pandemic blocked him from doing so.

First, Mr. Henry fails to show he diligently pursued his right to file a § 2255 motion. In fact, he is completely silent as to any action at all that he took. There were at least seven (7) pandemic-free months of the one-year limitation period in which Mr. Henry seemingly did nothing in pursuit of filing his motion, at least nothing that the record reflects. Notably, Mr. Henry was released from prison on September 23, 2019, seven (7) weeks after his conviction and sentence became final and several months before the start of the pandemic. But despite these circumstances, in the months following the start of the pandemic and as the one-year clock ticked down, the record does not reflect that Mr. Henry made any efforts to file his motion. And he does not claim as much. Thus, there is no basis presented for the Court to conclude that Mr. Henry was at any point prior to filing acting to pursue his right to file a § 2255 motion.

Second, Mr. Henry fails to show that an "extraordinary circumstance" prevented him from timely filing. Mr. Henry raises COVID-19 as the reason the Court should allow equitable tolling. Even assuming that generally COVID-19 is an "extraordinary circumstance" that could warrant equitable tolling in certain circumstances, Mr. Henry offers no explanation for how the pandemic impeded his ability to pursue his rights here. Instead, he states only that the pandemic "brought the federal criminal justice system to a standstill." (ECF No. 1098, at 11.) Such a conclusory assertion

is completely disconnected to Mr. Henry's own capacity to file his motion, particularly because he is not currently serving an in-custody prison sentence. There is no apparent "nexus" between COVID-19 and Mr. Henry's failure to timely file his motion. *See Ross*, 712 F.3d at 803. Moreover, contrary to Mr. Henry's assertion, the federal criminal justice system is not at a "standstill." Though the Western District of Pennsylvania has paused jury trials and at times temporarily paused grand juries sitting, this Court has otherwise been operating as normal and running at full capacity since Day One of the pandemic. The Court has been open for business each business day of the year and has received and docketed filings in the ordinary course. There has been no "standstill" in this Court. Mr. Henry advances no facts supporting his assertion, nor could he.

Because Mr. Henry fails to establish that he diligently pursued his rights and fails to establish that an extraordinary circumstance prevented him from timely filing his § 2255 motion, the Court concludes that there is no basis to invoke equitable tolling. As a result, Mr. Henry's motion is time-barred pursuant to § 2255(f)(1).

## IV. CONCLUSION

Mr. Henry's motion is time-barred on its face, and, for the reasons set forth above, the doctrine of equitable tolling is inappropriate in this case. The Court will deny Mr. Henry's § 2255 motion at ECF No. 1098. Because the Court further concludes that reasonable jurists would not find debatable the disposition of this Motion, the Court concludes that no certificate of appealability should issue.

s/ Mark R. Hornak  
Mark R. Hornak  
Chief United States District Judge

cc:   All counsel of record  
      Michael Henry (via U.S. Mail)